# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARKUS W. ENGLISH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CV-0284-CVE-FHM |
| JOHN WOOD, University of Tulsa; and O.C. WALKER, Tulsa Development Authority; | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are defendant John Wood's motion to dismiss (Dkt. # 15) and defendant O.C. Walker's motion to dismiss (Dkt. # 16). Each defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that plaintiff failed to serve either defendant within 120 days and, regardless, that the complaint fails to state a claim under 42 U.S.C. § 1983.[1] Dkt. # 15, at 1; Dkt. # 16, at 1. Plaintiff, appearing pro se, has not filed a response, and the time to do so has expired.

### I.

The complaint alleges that, in the mid-1990s, a number of entities agreed to a redevelopment plan for the Kendall-Whittier district of Tulsa, Oklahoma. Dkt. # 1, at 2. Among these entities were the Tulsa Development Authority (TDA) and the University of Tulsa (TU). Id. The redevelopment plan provided specific financial information, including projected costs and funding goals, as well as guidelines and policies for relocating residents. Id. at 1-2. The complaint alleges that TU has not complied with the plan, although the form of the alleged non-compliance is unclear. Id. at 2. Wood

---

[1] As the Court finds that the complaint fails to state a cognizable claim under § 1983, the Court does not address defendants' argument as to plaintiff's failure to effect timely service.

is the associate director of the physical plant at TU. Id. at 1. At some point, plaintiff attended a meeting at the TDA. Id. at 3. At that meeting, Walker, who is the TDA's executive administrator, said that the TDA lacked the power to compel to TU to follow the policies outlined in the plan. Id. at 2-3. The complaint alleges that the failure to follow the relocation plan's policies violates plaintiff's constitutional rights under the Fifth and Fourteenth Amendments. Id. at 1.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are

insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

### III.

Defendants move to dismiss for failure to state a claim under 42 U.S.C. § 1983. The statute provides that "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). Defendants argue that the complaint fails to allege any action committed by defendants at all, much less any action committed under color of state law. Dkt. # 15, at 4-6; Dkt. # 16, at 3-6.

Although defendants do not address the first element of a § 1983 claim, the Court has reviewed the complaint and finds that plaintiff does not successfully allege the violation of a constitutional right. The complaint identifies the Fifth and Fourteenth Amendments as the relevant rights being violated by the failure to relocate plaintiff.[2] Dkt. # 1, at 1. These amendments codify the right to due process, both substantive and procedural, as well as to equal protection of the laws. See U.S. Dep't of Agric. v. Moreno, 413 U.S. 528, 533 n.5 (1973); Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). However, the complaint does not allege the arbitrary deprivation of a life, liberty, or property interest, or the use of unfair procedures in the deprivation of such an interest, or unlawful discrimination against plaintiff. To survive a motion to dismiss, a plaintiff must provide "more than . . . a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, the complaint merely mentions the Fifth and Fourteenth Amendments, without providing any connection between plaintiff's constitutional rights under those amendments and the alleged failure to relocate plaintiff. The bare mention of the Constitution is not enough to allege a claim under § 1983. Thus, the complaint fails to state the first element of a claim under § 1983.

Defendants focus on the second element of a § 1983 claim, the requirement that the violation have been "committed by a person acting under color of state law." West, 487 U.S. at 48. "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made

---

[2] Plaintiff also asserts that his rights under "the Redevelopment Act and State law" have also been violated. Dkt. # 1, at 3. However, plaintiff provides no citation to any relevant statutes, and the Court cannot, without more, determine to which state or federal statutes plaintiff is referring.

possible only because the wrongdoer is clothed with the authority of state law.'" McAlpine v. McAlpine, No. 10-CV-0048-CVE-TLW, 2010 WL 348318, at *2 (N.D. Okla. Jan. 26, 2010) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Plaintiff has not alleged that either defendant took any action that violated plaintiff's constitutional rights. Other than being named as a defendant, there is no reference to Wood in the complaint. To the extent that plaintiff attributes to Wood the actions of TU, plaintiff has named the wrong defendant. The only allegations in the complaint concerning Walker are that plaintiff attended a meeting that Walker also attended, and Walker stated that the TDA could not force TU to conform to the redevelopment plan. Dkt. # 1, at 3. Even assuming that the TDA's inability to compel action by TU violates plaintiff's constitutional rights, the complaint does not allege that Walker, as an individual, committed the violation. Rather, any violation would be attributable to the TDA itself. Moreover, the complaint does not allege that Wood and Walker, as individuals, are in any way affiliated with the state, and as such there is no connection between any action they may have taken and the power of the state. See Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' (quoting Jackson v. Met. Edison Co., 419 U.S. 345, 351 (1974))). As the complaint cannot be read to state the second element of a claim under 42 U.S.C. § 1983, it must be dismissed.

The Court will grant plaintiff time to amend his complaint to correct the pleading deficiencies outlined above and to ensure that plaintiff has named the correct defendants. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the

facts he has alleged and it would be futile to give him an opportunity to amend." (citing Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997))). If plaintiff does not amend within the time allowed, the action will be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that Wood's motion to dismiss (Dkt. # 15) and Walker's motion to dismiss (Dkt. # 16) are hereby **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than **February 17, 2014**. If plaintiff fails to do so, a judgment of dismissal without prejudice will be entered.

**DATED** this 3rd day of February, 2015.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE