UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| MARKUS W. ENGLISH, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CV-0284-CVE-FHM |
| JOHN WOOD, University of Tulsa; and<br>O.C. WALKER, Tulsa Development Authority; | ) | |
| Defendants. | ) | |

# OPINION AND ORDER

Before the Court is plaintiff's amended complaint (Dkt. # 18). Plaintiff's complaint, which contained virtually no reference to either named defendant, alleged a constitutional violation regarding the non-conformance of the University of Tulsa (TU) and the Tulsa Development Authority (TDA) to the redevelopment plan for the Kendall-Whittier district of Tulsa, Oklahoma (the plan). Dkt. # 1. In a previous opinion and order, the Court granted defendants' motions to dismiss, finding that the complaint failed to state a claim under 42 U.S.C. § 1983. Dkt. # 17. However, the Court granted leave to file an amended complaint, allowing plaintiff the opportunity to correct the pleading deficiencies outlined in the opinion and order and to ensure that he had sued the correct parties. Id. at 5. Within the time allowed, plaintiff filed his amended complaint. Dkt. # 18.

The amended complaint repeats and expands upon the allegations of the complaint. It alleges that defendants deprived plaintiff of his constitutional rights under the Fifth and Fourteenth Amendments because he was not relocated in accordance with the plan. Dkt. # 18, at 2. The amended complaint contains more information regarding the alleged non-conformance to the plan, including allegations that plaintiff was forced to vacate his apartment. Id. However, much remains

the same, including the allegations that the true actors are TU and the TDA, not defendants. See id. at 1("Count I: That the [TDA] failed in its duty to enforce the [plan] by not enforcing [sic] T.U. to abide to Appendix I [of] [the plan]."). The complaint states that defendants are named because they are "the overseerers to the conformances requirements in accordance to state law, city law, and policies governing [the plan]." Id. (all errors in original). However, defendant John Wood is again absent from the factual allegations of the complaint, and defendant O.C. Walker is mentioned only in relation to the TDA's decision not to force TU to comply with the plan. Id.

As plaintiff's claim is made pursuant to 42 U.S.C. § 1983, plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." West v. Atkins, 487 U .S. 42, 48 (1988) (citations omitted). The Court finds that the reasoning from its previous opinion and order as to the second element remains applicable:

> "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Plaintiff has not alleged that either defendant took any action that violated plaintiff's constitutional rights. Other than being named as a defendant, Wood is completely absent from the complaint. To the extent that plaintiff attributes to Wood the actions of TU, plaintiff has named the wrong defendant. The only allegations in the complaint concerning Walker are that plaintiff attended a meeting that Walker also attended, and Walker stated that the TDA could not force TU to conform to the redevelopment plan. Even assuming that the TDA's inability to compel action by TU violates plaintiff's constitutional rights, the complaint does not allege that Walker, as an individual, committed the violation. Rather, any violation would be attributable to the TDA itself. Moreover, the complaint does not allege that Wood and Walker, as individuals, are in any way affiliated with the state, and as such there is no connection between any action they may have taken and the power of the state.

Dkt. # 17, at 4 (citations omitted). The amended complaint does not allege that defendants are state actors or in any way acted under color of law. Moreover, defendants' responsibility for overseeing

2

the compliance of TU or the TDA does not change the fact that plaintiff's alleged injury came at the hands of TU and the TDA, not defendants.

The Court finds that plaintiff has failed to comply with its previous opinion and order, because it neither named the correct defendants nor corrected the pleading deficiencies described in the opinion and order. Thus, the amended complaint must be stricken. However, the Court will grant defendant another opportunity to amend. This second amended complaint must name the correct defendants and must properly plead a violation of 42 U.S.C. § 1983. Furthermore, plaintiff filed his amended complaint on Northern District of Oklahoma form PR-01, which is intended for use by prisoners filing claims under § 1983. Plaintiff's second amended complaint must be filed on the correct form, which is form CV-05. This form is intended for pro se plaintiffs filing any type of civil complaint, including claims under § 1983, and it may be found on the Court's website by selecting "NDOK Forms" on the home page and then "Pro Se Forms" on the subsequent page. If the second amended complaint does not fully comply with this opinion and order, it will also be stricken.

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint, Dkt. # 18, is hereby **stricken**.

**IT IS FURTHER ORDERED** that plaintiff may file a second amended complaint on form CV-05 no later than **March 4, 2015**.

**DATED** this 18th day of February, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE