UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| MARKUS W. ENGLISH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CV-0284-CVE-FHM |
| UNIVERSITY OF TULSA, and TULSA DEVELOPMENT AUTHORITY, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court are the motion to dismiss (Dkt. # 24) and alias motion to dismiss (Dkt. # 32) of defendant Tulsa Development Authority (the TDA), as well as the motion to dismiss (Dkt. # 31) of defendant University of Tulsa (the University). In the second amended complaint (SAC), plaintiff alleges, pursuant to 42 U.S.C. § 1983, that the TDA violated his Fifth Amendment right to due process and that the University violated his Fourth Amendment right to be free of warrantless searches and his Fourteenth Amendment right to due process. Dkt. # 20. In its motion to dismiss, the TDA argues that the SAC should be involuntarily dismissed under Fed. R. Civ. P. 41(b) for failure to comply with the Court's order of March 6, 2015 (Dkt. # 21). Dkt. # 24, at 1. The TDA's alias motion to dismiss reasserts this argument, but also seeks dismissal of the SAC pursuant to Rule 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim under 42

U.S.C. § 1983.[1] Dkt. # 32, at 1. The University also seeks dismissal of plaintiff's claims under Rule 12 for insufficient service of process and failure to state a claim. Dkt. # 31, at 1. Plaintiff did not respond within the time allowed by local rule, and the Court issued an order requiring plaintiff to file a response no later than June 15, 2015, or the motions would be considered confessed. Dkt. # 35. Plaintiff filed his responses on June 15, 2015, arguing that defendants were state actors and that any insufficiency of service was the fault of the United States Marshals Service, which was responsible for effecting service. Dkt. ## 36, 37. Defendants did not file a reply, and the time to do so has expired. See LCvR 7.2(h).

**I.**

The Kendall Whittier neighborhood is a small area of Tulsa, Oklahoma near the University. Dkt. # 20, at 2. At some point, the TDA, which is dedicated to developing or renewing the city, created the Urban Renewal Plan for the Kendall Whittier Neighborhood (the Plan). Id. As may be inferred from its name, the Plan was designed to help renew the Kendall Whittier neighborhood, which had declined significantly. Id. As part of the Plan, the University, a private university located

---

[1] Rule 12(g)(2) prohibits successive pre-answer motions where the arguments made in the successive motion could have been included in the original motion. FED. R. CIV. P. 12(g)(2). However, Rule 12(g)(2) has certain exceptions, including motions for failure to state a claim. See id.; FED. R. CIV. P. 12(h)(2)(B). The Tenth Circuit has held that a district court may consider a failure to state a claim argument raised in a successive pre-answer motion, despite the general prohibition of Rule 12(g)(2), because that argument could be raised in a motion for judgment on the pleadings under Rule 12(c). Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., 771 F.3d 697, 703-04 (10th Cir. 2014). Moreover, Rule 12(g)(2) applies specifically to motions made "under this rule," and the TDA's motion to dismiss was made under Rule 41, not Rule 12. Thus, the Court may consider the arguments in the alias motion to dismiss (Dkt. # 32).

2

in Tulsa,[2] would be able to acquire properties in the neighborhood for its own use. Id. Individuals living in homes or apartment complexes that were purchased under the Plan were to receive relocation assistance. Id. The University donated approximately $550,000 for property acquisition and relocation assistance, although it is unclear to whom the funds were donated. Dkt. # 36, at 2.

Plaintiff lived in an apartment complex in the Kendall Whittier neighborhood, and the University acquired the apartment complex as part of the Plan. Dkt. # 20, at 2. According to the SAC, the University allowed conditions at the apartment complex to deteriorate, to the point that plaintiff's natural gas and mail service were terminated. Id. Additionally, the University issued plaintiff a thirty-day notice to vacate the premises on March 1, 2013 and requested payment of the final month's rent, despite plaintiff's lease not expiring until April 15, 2013. Id. at 3. Finally, at some point after it acquired the apartment complex, the University sent campus security officers to the complex, and the officers entered plaintiff's apartment without permission while he was asleep inside. Id. Although forced to vacate his apartment, plaintiff received no relocation assistance from either the University or the TDA. Id. at 2. Plaintiff requested that the TDA force the University to comply with the Plan and provide such assistance, but the TDA took no action. Id.

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly

---

[2] The SAC is silent as to the University's status as a public or private university. However, the Court may take judicial notice of "those matters that are verifiable with certainty." St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). The University's status is well-known and verifiable with certainty. E.g. Ye Li v. Univ. of Tulsa, No. 12-CV-641-TCK-FHM, 2013 WL 352116, at *1 (N.D. Okla. Jan. 29, 2013) ("The University of Tulsa is a private university located in Tulsa, Oklahoma."). The Court takes judicial notice that the University is a private university.

granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

In addition, pro se pleadings must be liberally construed. See Haines v. Kerner, 404 U.S. 519, 520 (1972). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall, 935 F.2d at 1109; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988). Pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally. Haines, 404 U.S. at 520. Nevertheless, the court should not assume the role of advocate,

and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110. Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil Procedure." Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

**III.**

The TDA and the University argue that, pursuant to Rule 12(b)(6), plaintiff's claims should be dismissed for failure to state a claim under 42 U.S.C. § 1983. Dkt. # 31, at 1; Dkt. # 32, at 1."Every person who . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) "that the alleged violation was committed by a person acting under color of state law." West v. Atkins, 487 U .S. 42, 48 (1988) (citations omitted).

A. Violation of a Constitutional Right

To survive a motion to dismiss under Rule 12(b)(6), the SAC must successfully allege the violation of a constitutional or statutory rights. According to the SAC, the University allegedly violated plaintiff's Fourteenth Amendment right to due process when it did not abide by the Oklahoma Residential Landlord and Tenant Act, Okla. Stat. tit. 41, § 101 et seq., allowing the apartment complex to deteriorate and requiring plaintiff to vacate before his lease expired, and when it failed to follow the Plan and provide relocation assistance to plaintiff, as it had others. Dkt. # 20, at 1-2. Additionally, the University allegedly violated plaintiff's Fourth Amendment rights when campus police officers entered his apartment without permission. Id. at 3. The TDA allegedly

5

violated defendant's Fifth Amendment right to due process when it did not force the University to provide relocation assistance to plaintiff. Id. at 2.

The Due Process Clauses of the Fifth and Fourteenth Amendments provide both substantive and procedural protections "against arbitrary action of the government." Cnty. of Sacramento v. Lewis, 523 U.S. 833, 845-46 (1998) (quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)). As it is unclear whether plaintiff intended to invoke the Clauses' substantive or procedural protections, the Court examines both. "Substantive due process protects fundamental liberty interests and protects against the exercise of government authority that 'shocks the conscience.'" Koessel v. Sublette Cnty. Sheriff's Dep't, 717 F.3d 736, 749 (10th Cir. 2013) (citing Seegmiller v. LaVerkin City, 528 F.3d 762, 767 (10th Cir. 2008)). While the Supreme Court has recognized as fundamental the right of an individual to "establish a home," see Troxel v. Granville, 530 U.S. 57, 65 (2000) (quoting Meyer v. Nebraska, 262 U.S. 390, 399, 401 (1923)), the Court can find no case establishing as a fundamental liberty interest the right to require a landlord to abide by state housing laws or the right to relocation assistance as part of an urban renewal plan. Moreover, the Court does not find the allegations in the SAC to be conscience-shocking in the constitutional sense, as they lack the "high level of outrageousness" required to meet that standard. Uhlrig v. Harder, 64 F.3d 567, 574 (10th Cir. 1995); see also Lewis, 523 U.S. at 847-49; Moore v. Guthrie, 438 F.3d 1036, 1040-41 (10th Cir. 2006). Rather, the allegations more closely resemble violations of state law, cf. OKLA. STAT. tit. 41, § 118(A) (requiring a landlord to make repairs sufficient to keep a tenant's dwelling unit in habitable condition), and the Supreme Court has repeatedly stated that substantive due process claims should not supplant state law. Lewis, 523 U.S. at 848-49; Daniels v. Williams, 474 U.S. 327, 332 (1986);

Paul v. Davis, 424 U.S. 693, 701 (1976). Thus, the SAC does not state a claim for violation of plaintiff's right to substantive due process under either the Fifth or Fourteenth Amendments.

Procedural due process "ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision." Hennigh v. City of Shawnee, 155 F.3d 1249, 1253 (10th Cir. 1998). Determining whether a plaintiff's right to procedural due process has been violated is "a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of process?" Id. (citing Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 577 (10th Cir. 1996)). As before, the Court can find no precedent establishing as a protected liberty or property interest an individual's interest in having his landlord abide by state housing laws or in receiving relocation assistance pursuant to an urban renewal plan. Thus, the SAC also does not state a claim for violation of plaintiff's Fifth and Fourteenth Amendment rights to procedural due process. As the sole claim against the TDA in the SAC is a violation of due process, the SAC fails to allege the first element of a § 1983 claim against the TDA.

Plaintiff also alleges that the University violated the Fourth Amendment when campus police officers entered his apartment without permission. The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. In Klen v. City of Loveland, 661 F.3d 498, 501 (10th Cir. 2011), owners of commercial property filed a civil suit alleging, inter alia, that a city inspector violated the Fourth Amendment when he entered the property without permission to begin an inspection. The Tenth Circuit held that a common-law trespass by an agent of the government may violate the Fourth Amendment where "the alleged trespass violated the plaintiff's 'constitutionally protected

7

reasonable expectation of privacy.'" Klen, 661 F.3d at 514 (quoting United States v. Hatfield, 333 F.3d 1189, 1195 (10th Cir. 2003)). Plaintiff would obviously have a reasonable expectation of privacy in his own apartment. See Rakas v. Illinois, 439 U.S. 128, 143 n.12 (1978). Construing the SAC liberally, as befits a pro se pleading, the Court finds that plaintiff has successfully alleged a Fourth Amendment violation, satisfying the first element of a § 1983 claim against the University.

### B. Under Color of State Law

As the SAC alleges that the University violated the Fourth Amendment, the Court must determine whether the SAC also alleges the second element of a § 1983 claim, that the "alleged violation was committed by a person acting under color of state law." West, 487 U.S. at 48. "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" McAlpine v. McAlpine, No. 10-CV-0048-CVE-TLW, 2010 WL 348318, at *2 (N.D. Okla. Jan. 26, 2010) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). This element "excludes from [the statute's] reach 'merely private conduct, no matter how discriminatory or wrongful,'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). "The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." Blum, 457 U.S. at 1004. Without some additional connection to the power of the state, a private party does not act under color of state law for purposes of § 1983. Lugar v. Edmondson Oil Co., 457 U.S. 922, 939 (1982). Private universities are considered private parties. See, e.g., Klunder v. Brown Univ., 778 F.3d 24, 34 (1st Cir. 2015).

Four tests exist to determine when the actions of a private party occur under color of state law: using the "nexus test," the actions of a private party will satisfy the second element of § 1983 "if the state exercises sufficient 'coercive power' over the challenged action," Wittner v. Banner Health, 720 F.3d 770, 775 (10th Cir. 2013) (citing Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 296 (2001)); under the "joint action test," a private party acts under color of law when "state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights," Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1453 (10th Cir. 1995); the "symbiotic relationship test" seeks to determine if the state has "'so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity,'" id. at 1451 (quoting Burton v. Wilmington Parking Auth., 365 U.S. 715, 725 (1961)); while the "public function test" asks "whether the challenged action is a traditional and exclusive function of the state." Wittner, 720 F.3d at 776-77 (citing Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 157-58 (1978)).

The SAC's allegations do not satisfy any of these tests. As for the nexus test, the SAC is devoid of any mention of the University being coerced into sending campus police officers to plaintiff's apartment. Cf. id. (concluding that a state statute giving hospitals the discretionary authority to detain an individual for treatment was not coercive). Likewise, there is no indication that the decision to send the officers was made jointly by the University and a state official, leaving the joint action test unsatisfied. Cf. Gallagher, 49 F.3d at 1457 (finding no evidence to show that university officials jointly participated in pat-down searches that were conducted by police officers at a concert on university property). The only entities mentioned in the SAC are the TDA and the University, and the SAC's allegations that the TDA could not force the University to act belie any

9

argument that the TDA, much less any other entity, had "insinuated itself into a position of interdependence" with the University. Id. at 1451. Thus, the "symbiotic relationship" test is unsatisfied. Finally, the SAC is barren of any allegations that a landlord or landlord's agent entering a tenant's apartment without permission is a "traditional and exclusive function of the state," Wittner, 720 F.3d at 776-77, and, as a result, the "public function" test is not met. Cf. Johnson v. Rodrigues, 293 F.3d 1196, 1203 (10th Cir. 2002) (finding no evidence to conclude that adoption was an exclusive prerogative of the state).

Plaintiff appears to argue that the University should be considered a state actor because it donated approximately $550,000 toward the accomplishment of the Plan's goals. Dkt. # 36, at 2. However, the fact that the University may have helped fund the Plan has no bearing on whether the University's decision to have campus officers enter plaintiff's apartment was connected to the power of the state. As detailed above, that decision would not qualify as state action under any of the Tenth Circuit's tests for such. Because the University cannot be considered a state actor, the SAC fails to allege the second element of a claim under § 1983.

Plaintiff fails to allege a valid § 1983 claim against either defendant. A claim under § 1983 requires that there have been a constitutional or statutory violation by a state actor. See West, 487 U.S. at 48. Although the SAC invokes the Due Process Clauses of the Fifth and Fourteenth Amendments, the SAC does not state a violation of either substantive or procedural due process. As plaintiff's sole claim against the TDA was for the violation of his due process rights, plaintiff fails to state a claim against the TDA. The allegations of a Fourth Amendment violation, although brief, can be construed as stating a constitutional violation by the University. However, the University is a private party, and the allegations in the SAC are insufficient to show that the University's alleged

actions occurred under color of state law, the second element of a § 1983 claim. For that reason, the SAC also does not state a claim against the University. Plaintiff's claims in the SAC must be dismissed.[3]

**IT IS THEREFORE ORDERED** that the University's motion to dismiss (Dkt. # 31) and the TDA's alias motion to dismiss (Dkt. # 32) are hereby **granted**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that the TDA's motion to dismiss (Dkt. # 24) is **moot**.

**DATED** this 3rd day of August, 2015.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[3] As plaintiff's claims are dismissed for failure to state a claim, the Court need not address defendants' alternative arguments in favor of dismissal. As the Court does not address the TDA's Rule 41 argument, its motion to dismiss (Dkt. # 24) is moot.